IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EVELYN RENTAS SANTIAGO, et al.,

    Plaintiffs,

    v.

AUTONOMOUS MUNICIPALITY OF
PONCE, et al.,

    Defendants.

CIVIL NO. 04-1642 (RLA)

**ORDER DENYING MOTION TO DISMISS
GRANTING MOTION TO SUBSTITUTE REPRESENTATIVE PARTY
AND SETTING DEADLINE TO FILE SECOND AMENDED COMPLAINT**

    Defendant, the AUTONOMOUS MUNICIPALITY OF PONCE ("MUNICIPALITY"), has moved the court to dismiss the complaint. The court having reviewed the arguments presented by the parties as well as the documents submitted hereby rules as follows.

**BACKGROUND**

    This action stems from the shooting of sisters OMAYRA RODRIGUEZ-RENTAS and SYBARIS VARGAS-RENTAS by unknown persons while leaving a nightclub in Ponce before dawn on August 4, 2002. The complaint in this case was filed on June 28, 2004.

    Named plaintiffs are: EVELYN RENTAS SANTIAGO, decedents' mother and SUHELY RODRIGUEZ-RENTAS, decedents' sister. Additionally, JAN NESTO BORRERO-VARGAS, the minor son of decedent SYBARIS VARGAS-RENTAS is being represented by his grandmother, EVELYN RENTAS-SANTIAGO.

    Plaintiffs have asserted negligence claims against the MUNICIPALITY under art. 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (1990), as well as civil rights violations pursuant to 42 U.S.C. § 1983.

**CIVIL NO. 04-1642 (RLA)**                                                      **Page 2**

Plaintiffs allege that the MUNICIPALITY is liable for failing to enforce a Security Plan designed for the downtown area by, *inter alios*, not enforcing a curfew applicable to bars and not having sufficient guards patrolling the area.

## Municipal Liability - Notice Requirement

Initially, the MUNICIPALITY seeks to dismiss the complaint alleging that plaintiffs failed to give timely notice of their claim as required by law.[1] In cases of negligence claims against a municipality written notice must be given to the mayor within 90 days from the events giving rise to the claim. This term is also applicable to minor plaintiffs. Art. 15.003 of the Puerto Rico Autonomous Municipalities Law, P.R. Laws Ann. tit. 21, § 4703(a) (2005).

The Puerto Rico Supreme Court has ruled that even though this provision is of "strict compliance" it is not a jurisdictional prerequisite and thus, may be subject to exceptions if the purpose behind the notice is otherwise complied with. <u>Acevedo Ramos v. Municipio de Aguadilla</u>, 153 D.P.R. 788, 799-800 (2001); <u>Méndez Pabón v. Municipio de Aguadilla</u>, 151 D.P.R. 853, 861 (2000).

According to the Supreme Court, the statute's objective is to protect the municipalities from unknown claims. Specifically, it

---

[1] Plaintiffs contend that this defense was not previously raised and was therefore, waived. In support of this argument plaintiffs point to the Answer to the Amended Complaint filed by codefendant DELIS CASTILLO SANTIAGO (docket No. 24). However, the Answer to the Amended Complaint filed by the MUNICIPALITY (docket No. 13) specifically included this argument as its defense No. 3.

seeks to: (1) provide for an opportunity to investigate the underlying facts; (2) discourage frivolous suits; (3) promote swift settlements; (4) allow for an immediate inspection of the area before any changes take place; (5) ascertain the identity of persons who may have knowledge of the events and interview them while their recollection is more trustworthy; (6) alert the pertinent municipal authorities of the claim in order to allocate the necessary reserve in the annual budget, and (7) mitigate damages by providing timely medical care. Acevedo Ramos, 153 D.P.R. at 799; Méndez Pabón, 151 D.P.R. at 860-61; Mangual v. Superior Court, 88 P.R.R. 475, 478 (1963).

As plaintiffs correctly point out, the day following the shooting the Ponce mayor ordered that two separate investigations be conducted on the matter. One was to be carried out by the Commissioner of the Municipal Guard and the other by an external special investigator. The reports of these investigations, dated September 24, 2002, and September 26, 2002, respectively, have been submitted and evince, to the court's satisfaction, that they amply meet the statute's notice objective as set forth by the Puerto Rico Supreme Court.[2]

---

[2] The internal municipal police investigation concluded that various municipal police officers had violated the regulations. The administrative investigation prepared by outside counsel determined that the officers on duty were inexperienced; did not have the adequate equipment, and violated the regulations. Additionally, it was found that there was not adequate supervision nor was any mechanism available to enforce the closing law.

## § 1983 - Cause of Action by Relatives

We must begin by ascertaining whether any of the named plaintiffs in this case has a viable § 1983 claim.

Constitutional deprivation suits must be brought by the individuals affected by the particular acts or omissions under attack. Núñez González v. Vázquez Garced, 389 F.Supp.2d 214 (D.P.R. 2005); Reyes Vargas v. Roselló González, 135 F.Supp.2d 305, 308 (D.P.R. 2001). In this vein, it has been held that relatives may not assert § 1983 claims for the death of a family member as a result of unconstitutional conduct unless the challenged action is directed at their family relationship. Robles-Vázquez v. Tirado-Garcia, 110 F.3d 204, 206 n.4 (1st Cir. 1997); Núñez González; Reyes Vargas.

In this particular case, none of the named plaintiffs personally suffered constitutional deprivations for which reason they may not assert individual § 1983 claims. However, when there is evidence of decedent having suffered as a result of the constitutional deprivation, Puerto Rico law allows for his/her heirs to assert this claim on decedent's behalf. *See, i.e.*, González Rodríguez v. Alvarado, 134 F.Supp.2d 451, 454 (D.P.R. 2001)."As such, [decedent's] son and legal heir, has standing to bring the present § 1983 in his representative capacity.")

Based on the foregoing, only the heirs of each of the two deceased sisters may assert the claims decedents would have brought under this provision but for their untimely deaths. Art. 736 of the Puerto Rico Civil Code, Laws of P.R. Ann. tit. 31, § 2361 (1993),

provides that children inherit from their parents and if there are no children, it will then be the parents who will inherit after their children's death.

Although the allegations in the First Amended Complaint do not specifically distinguish between the claims asserted on behalf of the decedents from those asserted by the relatives on their own behalf, according to the caption of the pleading all plaintiffs appear both "personally and as heirs to decedents."

Thus, pursuant to § 2361, in the case of decedent SYBARIS VARGAS RENTAS, her minor son, JAN NESTO BORRERO VARGAS, would inherit her § 1983 cause of action. The minor would be the proper party plaintiff to his mother's civil rights violation in addition to bringing his own individual non-civil rights claims.

On the other hand, in accordance with § 2361, it is EVELYN RENTAS SANTIAGO, as mother and heir of SUHELY RODRIGUEZ-RENTAS, who may prosecute any viable § 1983 claim this particular decedent may have had as a result of the events alleged in this case, absent any descendants.

**STANDING**

In this action, the minor plaintiff is being represented by his grandmother. However, as correctly pointed out by the defendants, the minor's *patria potestas* belongs to his parents, who are responsible for the administration of the minor's properties and rights including instituting suits on their behalf. *See,* Art. 153, P.R. Laws Ann. tit. 31, § 601 (1993).

Thus, the § 1983 claims asserted by the minor plaintiff as the heir of his mother, SYBARIS VARGAS RENTAS, may not be prosecuted by his grandmother given that his father is still alive and currently has custody of the child.

Plaintiffs have moved to amend the complaint to substitute the father, NESTOR BORRERO MALDONADO, as representative of his minor son which the MUNICIPALITY has opposed arguing that it would destroy diversity of citizenship between the parties under 28 U.S.C. § 1332. However, given that § 1983 claims have also been asserted in these proceedings, this court has alternate jurisdictional grounds to entertain this case under 28 U.S.C. § 1331 absent diversity between the parties. Given this setting, we may entertain, under our supplemental jurisdiction, "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

### § 1983 - Limitations Period

State law determines the limitations period applicable to actions filed under § 1983. Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 70 (1st Cir. 2005); González-Alvarez v. Rivero-Cubano, 426 F.3d 422, 425 (1st Cir. 2005); Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004);

In Puerto Rico, the one-year term used for actions sounding in tort as provided for in the Civil Code, P.R. Laws Ann. tit. 31, § 5298(2) (1990), has been found applicable to this provision. Villanueva-Méndez v. Nieves-Vázquez, 440 F.3d 11, 15 (1st Cir. 2006);

González-Alvarez, 426 F.3d at 425; Rodríguez-García, 354 F.3d at 96; Ruiz-Sulsona v. Univ. of Puerto Rico, 334 F.3d 157, 159 (1st Cir. 2003). "One year means 365 days, or 366 days in a leap year." Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 173 (1st Cir. 1997).

"[T]he length of the limitations period, and closely related questions of tolling and application are to be governed by state law." Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003); Carreras-Rosa, 127 F.3d at 173.

By way of an exception to the one year limitations period, minors are not required to institute suits while under legal age. Cintrón v. E.L.A., 127 D.P.R. 582, 589 n.2 (1990). Pursuant to art. 40 of the Puerto Rico Code of Civil Procedure, P.R. Laws Ann. tit. 32, § 254(a) (2004), the one year statutory period "is tolled until a plaintiff's twenty-first birthday in the event that the plaintiff is a minor at the time the action is filed." Aybar v. Crispín-Reyes, 118 F.3d 10, 15 n.6 (1st Cir. 1997). *See also*, Cruz Vargas v. R.J. Reynolds Tobacco Co., 218 F.Supp.2d 109, 114 (D.P.R. 2002) ("[plaintiff's] claims... not time-barred because he is a minor and the statute of limitations is tolled until he reaches the age of majority"); Ocasio-Berrios v. Bristol Myers Squibb Caribbean Corp., 73 F.Supp.2d 171, 174 (D.P.R. 1999) ("In Puerto Rico, statutes of limitations do not run against minors until they reach the legal age of 21.")

**CIVIL NO. 04-1642 (RLA)**                                                                    **Page 8**

This tolling provision extends to both the minor's own causes of action as well as to those inherited while still under legal age. De Jesús v. Chardón, 116 D.P.R. 238, 254 (1985). It appearing that JAN NESTO BORRERO VARGAS was a minor at the time he inherited the § 1983 claim from his mother, the term to institute suit is tolled until he reaches majority of age. Consequently, this claim was timely filed.

We must still examine whether his grandmother's inherited § 1983 claim from her daughter, OMAYRA RODRIGUEZ-RENTAS, is time-barred.

Even though we apply the Puerto Rico limitations provision, federal law determines the accrual date of a § 1983 cause of action.[3] Nieves-Vega v. Ortiz-Quiñones, 443 F.3d 134, 136 (1st Cir. 2006); Rodríguez-Garcia, 354 F.3d at 96.

"[T]he time of accrual of a civil rights action is when the aggrieved party knows or has reason to know of the injury which is the basis for his action or when the facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated." Rodríguez Narvaez v. Nazario, 895 F.2d 38, 42 n.5 (1st Cir. 1990). *See also,* Nieves-Vega 443 F.3d at 136; Villanueva-Méndez, 440 F.3d at 15; Vistamar, Inc., 430 F.3d at 70; zález-Alvarez, 426 F.3d at 425; Rodríguez-Garcia, 354 F.3d at 97;

---

[3] Regardless on when the action accrues, Puerto Rico law will determine when the statute of limitations will begin to run. "[W]hen the federal court borrows the state statute of limitations, so too the date on which the limitations period starts to run should be determined by the state law defining the 'application' of the limitations period." Carreras-Rosa, 127 F.3d at 174. In Puerto Rico, the limitations period begins "on the day following the date of accrual." *Id*. at 175.

Ruiz-Sulsona, 334 F.3d at 159. "The accrual period for a § 1983 action 'ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based.'" Carreras-Rosa, 127 F.3d at 173 (*citing* Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st cir. 1992)). "In determining the commencement of accrual, '[t]he first step... is to identify the actual injury of which the plaintiff complains.'" Vistamar, Inc., 430 F.3d at 70 (*citing* Guzmán-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994)).

According to the First Amended Complaint (docket No. 8), sisters OMAYRA RODRIGUEZ RENTAS and SYBARIS VARGAS RENTAS were shot on August 4, 2002 at approximately 4:15 a.m. while leaving a nightclub in downtown Ponce. It is undisputed that decedents' mother learned of the aforementioned deaths the same day of the events. As a matter of fact, EVELYN RENTAS SANTIAGO was alerted of the fatal shooting at approximately 7:00 a.m. by one of her daughters' friend whereupon she went to the crime scene where the bodies were still on the pavement.

In this particular case EVELYN RENTAS SANTIAGO alleges that she did not become aware of the liability of the MUNICIPALITY until June 2003, when the results of the two investigations prompted by the mayor were published in a local newspaper.

Assuming a civil rights violation has been adequately pleaded, we find that at the time of the shooting EVELYN RENTAS-SANTIAGO was not privy to sufficient information to alert her to the facts she now uses as basis for the § 1983 complaint. The alleged failure of the municipal guard to enforce the MUNICIPAL's Security Plan would not

have been readily apparent to a reasonable person at the time of the deaths by the mere fact of the shooting. Additionally, plaintiff moved to Pennsylvania shortly after the incident which further isolated her from the local scene.

Accordingly, we conclude that the § 1983 cause of action asserted by EVELYN RENTAS SANTIAGO on behalf of decedent SUHELY RODRIGUEZ-RENTAS accrued **on June 28, 2003** when the alleged deficiencies in the implementation of the MUNICIPALITY's security measures were first published. Thus, we find that the § 1983 claim filed on **June 8, 2004** was timely filed.

## Art. 1802 Limitations Period

All plaintiffs, including the minor, his grandmother and an aunt have asserted negligence claims in this suit.

As previously noted, pursuant to § 5298(2) the term for instituting actions sounding in tort in Puerto Rico is one year. In accordance with art. 40 of the P.R. Code of Civ. P., the one-year is tolled for minors until they reach majority of age.

The term to institute an action sounding in tort under art. 1802 commences to run from the time a plaintiff has knowledge of the damages as well as the identity of the person who caused them. Municipio de San Juan v. Bosque Real S.E., 2003 TSPR 31; Sánchez v. Autoridad de los Puertos, 153 D.P.R. 559 (2001).

In order for the term to commence, it is crucial for the plaintiff to be cognizant of the fact that he has a claim. That is, that he be aware of all the necessary elements to institute suit.

**CIVIL NO. 04-1642 (RLA)** Page 11

---

<u>Vega v. J. Pérez & Cia., Inc.</u>, 135 D.P.R. 746, 754 (1994). *See also*, <u>Aslant Pérez v. García</u>, 150 D.P.R. 892, 904 (2000) (not sufficient for victim to know he suffered an injury but also necessary to know who caused the injury so that he may know who to sue).

However, similar to the § 1983 analysis, diligence on the part of the party aggrieved is required. If ignorance of any of these factors is due to a plaintiff's own lack of diligence the claim shall be deemed barred. <u>Vega v. J. Pérez & Cia, Inc.</u>, 135 D.P.R. at 755.

As we previously concluded with reference to the § 1983 claim, we find that there was no information available regarding violation of the regulations by municipal officers as well as their alleged failure to enforce the municipal Security Plan the night of the events until the results of the two investigations were published.

Accordingly, we find that the art. 1802 claims asserted by EVELYN RENTAS SANTIAGO and her surviving daughter, SUHELY RODRIGUEZ-RENTAS, also accrued **on June 28, 2003** and therefore, the **June 8, 2004** complaint was timely filed.

**CONCLUSION**

Based on the foregoing, the outstanding motions filed in this case are hereby disposed of as follows:

— The Motion to Dismiss filed by the MUNICIPALITY (docket No. **25**)[4] is **DENIED**;

---

[4] *See*, Plaintiffs' Memorandum of Law in Opposition (docket No. **41**).

**CIVIL NO. 04-1642 (RLA)** **Page 12**

- Plaintiffs' Motion for Leave to Substitute Parties in Representation of Minor (docket No. **37**) is **GRANTED;** and
- Plaintiffs' Motion Submitting English Translations (docket No. **38**) is **GRANTED.**

It is further ORDERED that plaintiffs shall file a Second Amended Complaint, **on or before October 18, 2006,** substituting NESTOR BORRERO MALDONADO as the representative for the minor plaintiff JAN NESTOR BORRERO VARGAS.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 27th day of September, 2006.

S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District Judge